**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LUIS ENRIQUE VILLANUEVA MONROY,<br>*Petitioner*<br><br>v.<br><br>ROSE THOMPSON, FACILITY ADMINISTRATOR OF THE KARNES COUNTY IMMIGRATION PROCESSING CENTER; MIGUEL VERGARA, FIELD OFFICE DIRECTOR FOR ICE ENFORCEMENT AND REMOVAL OPERATIONS IN SAN ANTONIO; DAVID J. VENTURELLA, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY.; MARKWAYNE MULLIN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, SUED IN HIS OFFICIAL CAPACITY.; AND TODD BLANCHE, ATTORNEY GENERAL OF THE UNITED STATES, IN HIS OFFICIAL CAPACITY.;<br>*Respondents* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. SA-26-CV-05581-XR |

**<u>ORDER FOR SERVICE</u>**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1).

It is **ORDERED** that notice of electronic filing of the Petition (ECF No. 1) and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5, and on all Respondents unless otherwise contested.[2]

---

[1] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[2] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal

It is **FURTHER ORDERED** that Respondents shall file a response to the Petition **within seven (7) days** of the date of service. The response must identify:

(1) Petitioner's alleged country of birth;[3]

(2) Petitioner's alleged date of entry and statutory basis for removability;

(3) Petitioner's previous immigration detention history, if any;[4] and

(4) Petitioner's alleged immigration status.[5]

It is **FURTHER ORDERED** that, if Petitioner elects to file a reply, Petitioner may do so no later than seven days after the Respondents file their answers/responses.

It is so **ORDERED**.

**SIGNED** this September 1, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

[3] This information is required to ensure that Petitioner can be located in the Online Detainee Locator System.

[4] *E.g.*, whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior.

[5] *E.g.*, whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order.